# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH

| | |
|---|---|
| QUINTEZ TALLEY, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2: 22-cv-1663 |
| | ) |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| C/O LACOTTA, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is the Motion for Revocation of Plaintiff's *In Forma Pauperis* Status filed by the Defendants (ECF No. 32) and Plaintiff's response in opposition (ECF No. 38).[1] For the reasons discussed below, the motion will be denied and the Defendants will be directed to file a responsive pleading in this matter on or before March 5, 2024.

### Legal Standard

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees would not prevent indigent persons from pursuing meaningful litigation. *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995). In 1996, Congress curtailed the ability of prisoners to take advantage of the privilege of filing *in forma pauperis* by enacting a "three strikes rule." 28 U.S.C. § 1915(g).

This Court has the discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege. *See, e.g., In re McDonald*, 489 U.S. 180 (1989) (denying *in*

---

[1] In Talley's response, he requests the Court to sanction Defendants and their counsel pursuant to Federal Rule of Civil Procedure 11(c)(3) – "on the Court's initiative." Such request is denied. The Court finds that neither Defendants nor their counsel have engaged sanctionable

*forma pauperis* status to non-prisoner seeking to file a petition for a writ of habeas corpus in the Supreme Court, where the person had pursued 73 prior filings); *Zatko v. California*, 502 U.S. 16 (1991) (denying applications to proceed *in forma pauperis* to file a habeas corpus petition to one petitioner who filed 73 petitions and to another petitioner who filed 45 petitions); *Martin v. District of Columbia Court of Appeals*, 506 U.S. 1 (1992) (denying *in forma pauperis* application of "a notorious abuser of this Court's certiorari process," who had filed 11 petitions which were frivolous, with the arguable exception of one); *Douris v. Middletown Township*, 293 F. App'x 130 (3d Cir. 2008) (affirming discretionary denial of non-prisoner's *in forma pauperis* application based on plaintiff's eight prior unsuccessful civil actions); *Butler v. Department of Justice,* 492 F.3d 440, 444–45 (D.C.Cir. 2007) (denying *in forma pauperis* application of a prisoner who did not have three strikes, but who had on at least five prior occasions brought appeals that were dismissed for failure to prosecute). This Court's discretionary authority to deny *in forma pauperis* status to persons who have abused the privilege derives from § 1915(a) itself ("any court of the United States <u>may</u> authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor" (emphasis added)) and federal courts' "inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. at 185 n. 8 (*quoting In re Martin–Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984)). As the Supreme Court of the United States explained,

> Paupers filing pro se petitions are not subject to the financial considerations—filing fees and attorney's fees—that deter other litigants from filing frivolous petitions. Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that

conduct.

> promotes the interests of justice. The continual processing of petitioner's frivolous requests . . . does not promote that end.

*In re McDonald,* 489 U.S. at 184. In making that discretionary decision, courts should look at the number, content, frequency, and disposition of the plaintiff's <u>previous</u> filings to determine if there is a pattern of abusing the IFP privilege in his litigation history. *Butler v. Department of Justice,* 492 F.3d at 446.

Talley was granted leave to proceed *in forma pauperis* on December 22, 2022. (ECF No. 6). Defendants acknowledge that the three-strikes provision of § 1915(g) is not applicable as Talley did not have three strikes in federal court when this was filed.[2] Talley does have two strikes against him, and there are two cases pending before the Court of Appeals for the Third Circuit which are addressing the issue of whether the dismissal of Talley's claims will count as a strike under 28 U.S.C. § 1915(g). *See Talley v. Pillai, et al*, No. 20-1013 (3d Cir.) and *Talley v. Pennsylvania Department of Corrections, et al.,* No. 20-1278 (3d Cir.)

Despite not having three strikes under the federal PLRA,[3] Defendants ask the Court to exercise its discretionary authority and revoke Talley's *in forma pauperis* status because he is an "abusive litigator." Defs' mot. at 2. (ECF No. 33).

### Discussion

This Court previously has noted that Talley is a very litigious Pennsylvania state prisoner,

---

[2]   Defendants argue that Talley "has escaped having 'three strikes' against him, as the majority of his cases filed in the district courts of Pennsylvania have been deemed mixed dismissals." Additionally, a number of Talley's cases have been "dismissed for failure to prosecute or failure to exhaust, which may not qualify as a strike unless there is a finding of frivolous." And Talley has had a number of cases dismissed without prejudice and he has voluntarily withdrawn some of his cases.

[3]   Talley has been deemed a three strikes abusive litigant in state court. *Talley v. Davis*, No. 2 AD 2017, Court of Common Pleas, Greene County. Exhibit 1 to Mot. (ECF No. 33-1).

who has filed lawsuits in all three federal district courts in Pennsylvania, as well as in Greene and Center Counties. *See Talley v. Sandusky*, No. 3:19-cv-0183, report and recommendation dated 12/5/19 (ECF No. 5). As of March 6, 2023, Talley had filed at least fifty-nine civil cases in district courts in all three districts of Pennsylvania. *Talley v. Clark*, No. 18-5316, 2023 WL 2415882 at *1 (E.D.Pa. March 6, 2023). According to Defendants, Talley has also filed thirty-nine appeals to the Court of Appeals for the Third Circuit. Mot at 9.

The instant case was filed on November 22, 2022. A review of Talley's litigation history reflects that prior to filing this case, since 2015, Talley had fourteen cases in the Western District of Pennsylvania. The first two cases, 15-cv-1502 and 15-cv-1646, were administratively closed for failure to pay the filing fee or submit required financial forms; Talley's next two cases, 16-cv-0152 and 16-1318, were removed by defendants from state court to this Court. Case No. 16-cv-0152 went to trial in October of 2017, and Case No. 16-cv-1318, went to trial in November of 2019.

In Talley's fifth case, 18-cv-0230, in which he paid the filing fee, the claims against the corrections officers were settled, and summary judgment was entered Talley's Eighth Amendment claim and ADA claims;[4] Talley's sixth case, 18-cv-0476, again in which Talley paid the full filing fee, was transferred to the Middle District of Pennsylvania. The seventh case, 18-cv-1060, was closed after Defendants' motions to dismiss were granted in December of 2019 (currently on appeal to the Third Circuit, No. 20-1013). Talley withdrew from his eighth case (a multi-plaintiff case), 18-cv-1339, and that case was eventually closed for lack of prosecution by the remaining plaintiffs; the ninth case, 18-cv-1665, was dismissed by the Court pursuant to the

---

[4] The claims brought in Civil Action No. 18-cv-0230 are similar to the claims brought in the instant action. In that case, Talley claimed the volume of the television at SCI Greene was

4

screening provisions of 28 U.S.C. § 1915(e)(2) and 1915A; the tenth case, 18-cv-1667, was voluntarily dismissed by Talley; the eleventh case, 19-cv-0161, was dismissed by the Court pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2) and 1915A; the twelfth case, 19-cv-0308, was closed after Defendants' motion to dismiss was granted; the thirteenth case, 19-cv-0183, was dismissed under the three-strikes provisions of the PLRA (currently on appeal to the Third Circuit, No. 20-1118); and the fourteenth case, 21-cv-0298, was closed after the motion to dismiss, which had been converted to a motion for summary judgment on the issue of exhaustion, was granted (the claims which did not involve imminent danger were dismissed under the three-strikes provisions of the PLRA (currently on appeal to the Third Circuit, No. 22-1307).

The instant case is Talley's fifteenth case in this Court[5] and Defendants have not filed a responsive pleading, pending resolution of this motion. The essence of Talley's complaint amounts to a clam that while he was incarcerated at SCI Fayette, correctional staff at that institution repeatedly kept the televisions on a loud volume, which Talley contends deprived him of sleep.  Talley alleges he suffers from insomnia, that the correctional staff knew of his disability, and that they continued to play the televisions loudly.  He filed several grievances, which he claims were dismissed as frivolous.  Based on these assertions, Talley asserts claims pursuant to 42 U.S.C. § 1983, alleging violations of the First, Eighth, and Fourteenth Amendments, and the Americans with Disabilities Act, as well as state tort claims of conspiracy, falsification of documents, and defamation.

---

maintained at a loud volume depriving him of sleep.

[5]     Talley's sixteenth case, 24-cv-0033, was transferred to this Court by the Middle District of Pennsylvania and has been consolidated with this case as both cases involve allegations about the volume of the television while Talley was housed at SCI Fayette.

"The *in forma pauperis* statute, 28 U.S.C. § 1915, 'is designed to ensure that indigent litigants have meaningful access to the federal courts.' " *Douris v. Middletown Twp.*, 293 F. App'x 130 (3d Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324(1989) ).  Our Court of Appeals has recognized, however, that " 'extreme circumstances' might justify denying an otherwise qualified affiant leave to proceed in forma pauperis." *Deutsch v. U.S.,* 67 F.3d 1080, 1084 n. 5 (3d Cir. 1995).  While the appellate court in *Deutsch* did not delineate what constitutes "extreme circumstances," it cited the case of *In re Sindram*, 498 U.S. 177, 180 (1991) (per curiam), in which the Supreme Court of the United States stated that "the Court has a duty to deny *in forma pauperis* status to those individuals who have abused the system." *Deutsch*, 67 F.3d at 1084 n.5 (quoting *Sindram*, 498 U.S. at 180).

As noted above, this is the fifteenth lawsuit filed by Talley in this district since 2015. While Defendants make a strong argument that Talley's *in forma pauperis* status should be revoked, the Court, in its discretion, declines to do so.  Only two of Talley's prior cases filed in the Western District were found to be frivolous, *to wit*:  18-cv-1665 and 19-cv-0161. While there is no doubt that Talley is a very litigious litigant, the Court will deny Defendants' motion.

An appropriate Order follows.

### ORDER

**AND NOW**, this 20th day of February, 2024, it is hereby **ORDERED** that Defendants' Motion to Revoke *In Forma Pauperis* is **DENIED**.  The Defendants are directed to file a responsive pleading to the original complaint (ECF No. 8) and the Supplemental Complaint (ECF No. 28) on or before **March 5, 2024**.

        s/Cynthia Reed Eddy  
        Cynthia Reed Eddy  
        United States Magistrate Judge

cc:    QUINTEZ TALLEY  
       KT 5091  
       SCI Camp Hill  
       P.O. Box 8837  
       2500 Lisburn Road  
       Camp Hill, PA 17001  
       (via U.S. First Class Mail)

       Kimberly A. Adams  
       PA Department of Corrections  
       Office of Chief Counsel  
       (via ECF electronic notification)